IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RUSSELL HOLLIDAY, # 8560, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No. 12-cv-1060-MJR |
| ) | |
| TROOPER RAMERT, ) | |
| DEPUTY DAN HILL, ) | |
| OFFICER TIM LAY, ) | |
| K-9 POLICE DOG KODIAK, ) | |
| ILLINOIS STATE POLICE, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at St. Clair County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Ramert, Hill and Lay subjected him to cruel and unusual punishment. Construing Plaintiff's pleadings liberally, the Court takes into account the supplemental police report attached by Plaintiff to his pleadings (Doc. 1 p. 7). This report identifies Illinois State Police K-9 Officer Jason Ramert as the handler of police dog "Kodiak". Plaintiff states that these law enforcement officers used excessive force during the arrest of Plaintiff by ordering the K-9 Officer of Kodiak to utilize the dog to attack Plaintiff. Plaintiff states he was not resisting arrest. He further states the Defendants' actions caused injury to his leg and back.

This case is now before the Court for a preliminary review of Plaintiff's operative complaint pursuant to 28 U.S.C. § 1915A, which provides:

1

>   (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>   (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   >   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   >   (2) seeks monetary relief from a defendant who is immune from such relief.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Ramert, Hill and Lay for excessive force.

Plaintiff's claim against the Illinois State Police shall be dismissed. Governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006). *See also Monell v. Dept. of Soc. Serv.,* 436 U.S. 658, 694 (1978). "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Estate of Sims ex rel. Sims v. Cnty. of Bureau,* 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986)). *See also Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.'" (quoting *Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir. 2007))).

Plaintiff names K-9 "Kodiak" as a defendant in this matter.  § 1983 applies only to a "person" who acts under color of state law. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997).  Under the Dictionary Act,

1, "the words 'person' and 'whoever' include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals", but dogs are not on this list, whether or not they act under color of state law." *Dye v. Wargo*, 253 F.3d 296, 298 (7th Cir. 2001). The Seventh Circuit has addressed the issue of naming a police dog as defendant in an excessive force claim and held that a dog is not a proper defendant in litigation under § 1983. *Id.* at 299.

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Stephen C. Williams for further consideration.

**Disposition**

The Clerk is DIRECTED to strike Defendant Illinois State Police and police dog "Kodiak" and add Deputy Dan Hill and Officer Tim Lay as Defendants.

The Clerk of Court shall prepare for Defendants Ramert, Hill and Lay: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used

only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into

a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 6, 2012**

s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge
