## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

RUSSELL HOLLIDAY,                           )
                                            )
       Plaintiff,                    )
                                            )
vs.                                         )   Case No.  12-cv-1060-MJR-SCW
                                            )
DONALD "JASON" RAMERT, PAUL                 )
KILQUEST, DAN HILL, and TIM LAY,            )
                                            )
       Defendants.                   )


## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

        Before the Court is Plaintiff's Motion for Leave to Conduct Written Discovery Including Depositions by Written Questions (Doc. 30).   Specifically, Plaintiff seeks to conduct written discovery on defendants as well as non-defendants.   He also seeks to conduct depositions by written questions, although he does not indicate who he wishes to depose.

        As to Plaintiff's request to conduct written discovery, Plaintiff may conduct written discovery by interrogatories or request to produce at any time per the Court's Trial Practice Schedule (Doc. 23).   For more on discovery deadlines, Plaintiff should refer to the Trial Practice Schedule (Doc. 23).   As to Plaintiff's request to seek information from non-defendants, Plaintiff has not indicated the information that seeks or from who.   The Court instructs Plaintiff that he must seek any discoverable information from Defendants through proper interrogatories or requests to produce.

        Plaintiff also seeks to depose individuals by written questions.   The Court notes that Plaintiff has not indicated who he wishes to seek depositions of or whether those individuals are parties or non-parties.   **FEDERAL RULE OF CIVIL PROCEDURE 31** sets forth the proper method for seeking depositions by written questions.   Plaintiff does not require leave of court to conduct a

deposition by written questions.  Should Plaintiff decide to proceed with a deposition of the Defendant by written questions, the Court notes that Plaintiff must comply with all the requirements set forth in Rule 31.   Plaintiff must provide notice to the parties.  **FED.R.CIV.P. 31(a)(3).**  Plaintiff must also deliver a copy of the questions to be asked to the deposition officer, as described in **FEDERAL RULE OF CIVIL PROCEDURE 28(a)**, who will conduct the deposition by taking the deponent's testimony in response to the questions, prepare and certify the deposition, and send the deposition to the parties.  **FED.R.CIV.P.31(b).**  Should Plaintiff seek to depose Defendants in this case, he needs to provide Defendants with notice of his intent to depose them and confer with Defendants as to whether they can be deposed at the prison.   Further, the Court notes under **FEDERAL RULE OF CIVIL PROCEDURE 30(b)(3)(A)** that the party noticing the deposition bears the recording costs.   The Court has no authority to provide or pay for discovery expenses even though the Plaintiff has been granted *in forma pauperis* status.  ***See Stewart v. Walker,* Case No. 05-1210, 2007 WL 3348259, at \*2 (N.D. Ill. November 5, 2007) (quoting *Smith v. Campagna*, Case No. 94-C-7628,   1996 WL 364770, at \*1 (N.D. Ill. June 26, 1996).** The Court will not Order Defendants or anyone else to pay for the recording costs.

To the extent that Plaintiff seeks to depose any non-defendants, he also does not need leave of the Court to take such a deposition.   The Court has already stated it will not bear, nor order the Defendants to bear, the costs of recording any deposition.    In the case of a non-party, the Plaintiff should also be aware that he must secure the witnesses testimony through, and bear the cost of, a subpoeana for the witnesses' deposition testimony. **FED.R.CIV.P. 30(a)(1) & 45**.

Should Plaintiff wish to conduct any deposition, prior to scheduling a deposition, he must provide notice showing that he is financially able to pay the court reporting services and that he has secured the services of a court reporter.   If Plaintiff has demonstrated that he has the necessary

funds and has secured a court reporter, and after conferring on the matter, should the parties have difficulty obtaining a location at the prison to conduct the depositions, the parties should contact the Court for assistance in setting up a deposition of Defendants.   Thus, the Court **DENIES without prejudice** Plaintiff's motion for discovery.


**IT IS SO ORDERED**.

DATED: February 27, 2013.

/s/ Stephen C. Williams
STEPHEN C. WILLIAMS
United States Magistrate Judge